UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JARROD McCAIN and JEFFREY BETHEA,

         Plaintiffs,
 v.                   3:10-CV-766

DIMON & BACORN, a New York Corporation,
MICHAEL SHAFER, LEONARD HAINES,
DANIEL DIMON, SR.

         Defendants.

_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

**I. INTRODUCTION**

  Plaintiff filed an Amended Complaint alleging employment discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII");  42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law, N.Y. Exec. Law Article 15, ("NYSHRL"); and the New York State common law.  See Am. Compl., dkt. # 30.  Defendants move pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss certain claims.  Plaintiffs have opposed the motion.  For the reasons that follow, Defendants' motion is granted in part and denied in part.

1

## II.    STANDARDS OF REVIEW

### a.    Fed. R. Civ. P. 12(b)(1)

A motion brought pursuant to FED. R. CIV. P. 12(b)(1) challenges the subject matter of the Court to address a case or certain claims in the case. A case is to be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. Makarova v. United States, 201 F. 3d 110, 113 (2d Cir. 2000). A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. See Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002); see also Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). When a defendant moves to dismiss claims pursuant to Fed. R. Civ. P. 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." Cedars-Sinai Medical Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). For the purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true." Id.

Both the movant and pleader may use affidavits and other pleading materials to support or oppose a motion to dismiss for lack of subject matter jurisdiction. See Makarova, 201 F.3d at 113; Filetech S.A. v. France Telecom, S.A., 157 F.3d 922, 932 (2d Cir. 1998); John Street Leasehold, LLC v. Capital Mgt. Res., L.P., 2001 WL 310629, at *2 (S.D.N.Y. March 29, 2001). Further, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Gunst v. Seaga, 2007 WL 1032265, at *2 (S.D.N.Y. March 30, 2007) (quoting Shipping Financial Services Corp. v. Drakos, 140 F.3d 129 (2d Cir. 1998)). "Thus, the

standard used to evaluate a Rule 12(b)(1) motion is similar to that used for summary judgment under Fed. R. Civ. P. 56." Lopresti v. Merson, 2001 WL 1132051, at *5 (S.D.N.Y. Sept. 21, 2001).

### b.     FED. R. CIV. P. 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. at 1965 (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 570). A complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft, 129 S. Ct. at 1949. Legal conclusions must be supported by factual allegations.

3

Iqbal, at 1950. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quoting Twombly, 550 U.S. 557) (internal quotations omitted).

### III.  DISCUSSION

#### a.  NYSHRL Claims

##### 1.  McCain's Administrative Filing

Plaintiff McCain first filed an administrative complaint of employment discrimination against Dimon & Bacorn on or about November 25, 2008 with the New York State Division of Human Rights (hereinafter "NYSDHR"). See Sciotti Declaration ("Sciotti Decl.") at Ex. A. The complaint was also filed with the United States Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964. Id. The NYSDHR investigated the complaint and thereafter issued a Determination and Order After Investigation finding that there was "no probable cause" to support any of McCain's claims. Id. at Ex. C. The NYSDHR ordered the complaint dismissed and the file closed. Id. The EEOC adopted the NYSDHR's findings, closed its file and issued plaintiff McCain a Right to Sue Letter on March 31, 2010. Id. at Ex. F.  Plaintiff McCain did not appeal the NYSDHR's determination and commenced this action on June 29, 2010. See Dkt. No.1.

### 2. Bethea's Administrative Filing

Plaintiff Bethea first filed an administrative complaint with the NYSDHR which was cross-filed under Title VII with the EEOC on December 17, 2008. See Sciotti Dec!. at Ex. B. The NYSDHR investigated the complaint and thereafter issued a Determination and Order After Investigation dated October 29, 2009 finding there was "no probable cause" to support any of Bethea's claims. Id. at Ex. D. The NYSDHR ordered the complaint dismissed and the file closed. Id. The EEOC adopted the NYSDHR's findings, closed its file and issued plaintiff Bethea a Right to Sue Letter on April 5, 2010. Id. at Ex. E. Bethea did not appeal the NYSDHR determination and did not attempt to commence legal action against defendants until March 30, 2011. See Dkt. No. 27.

### 3. Election of Remedies

New York Executive Law § 297(9) provides, in pertinent part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . **unless** such person had filed a complaint hereunder or with any local commission on human rights . . . **provided** that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9)(emphasis added).

"[O]nce a complainant elects the administrative forum by filing a complaint with the [New York State Division of Human Rights ("NYSDHR")], a subsequent judicial action on the same complaint is generally barred unless one of the three exceptions in the statute is applicable." Johnson v. County of Nassau, 411 F. Supp.2d 171, 184 (E.D.N.Y. 2006). In Plaintiffs' cases, the administrative claims filed with the NYSDHR were not dismissed on

the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled. Thus, pursuant to New York Executive Law § 297(9), Plaintiffs' claims of discrimination brought under the New York Human Rights Law are barred. See York v. Ass'n of Bar of City of New York, 286 F.3d 122, 127 (2d Cir. 2002); Ferguson v. New Venture Gear, Inc., 2009 WL 2823892, *5 (N.D.N.Y. Aug. 31,2009); Johnson, 411 F. Supp.2d at 184. The bar to suit is jurisdictional. Jones v. Onondaga County Res. Recovery Agency, 2011 WL 1298774, *6 (N.D.N.Y. Mar. 31, 2011); Johnson, 411 F. Supp.2d at 184 (citing Moodie v. Federal Reserve Bank of N.Y., 58 F.3d 879, 883-884 (2d Cir. 1995)). Accordingly, Plaintiffs' claims of discrimination brought pursuant to the NYSHRL are dismissed for lack of subject matter jurisdiction.

### b. Intentional Infliction of Emotional Distress

Plaintiffs' Amended Complaint asserts:

> By their extreme and outrageous conduct in initiating, tolerating, and permitting offensive racial language and propagating a hostile work environment in violation of New York Executive Law Art. 15 (Human Rights Law) and Title VII of the Civil Rights Act, Defendant Dimon & Bacorn and its managerial staff have intentionally, or by disregard of a substantial probability, caused Plaintiffs severe personal, emotional, and financial distress.

Am. Compl. ¶ 43.

Under New York law, the elements of an intentional infliction of emotional distress claim are: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999). Such a claim requires an act "so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Howell v. New York Post Co., 81 N.Y.2d 115, 122 (1993)(interior quotation marks and citations omitted).  Determining whether the alleged conduct is sufficiently outrageous to be actionable is a question of law for the Court. Holwell, 81 N.Y.2d at 122.

Viewing the factual allegations in the Amended Complaint and accepting them as true for purposes of this motion, the Court does not find conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Howell, 81 N.Y.2d at 122.  While the employees' conduct was offensive, and the employer's inaction to Plaintiffs' complaints insufficient and inadequate, none of the conduct was sufficiently outrageous to be actionable. See Washington v. County of Onondaga, 2009 WL 3171787, *27 (N.D.N.Y. 2009).  Accordingly, the claims asserting the intentional infliction of emotional distress are dismissed.

### c.     Title VII Claims Against Individual Defendants

The Title VII claims against the individual defendants were previously dismissed in this case upon the concession of Plaintiffs' counsel that, in the Second Circuit, "individuals are not subject to liability under Title VII." Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000) (*per curiam*).  See Jan. 14, 2011 Dec. & Ord., dkt. # 20.  That Decision was rendered before Plaintiffs amended their complaint, and Defendants now argue that the inclusion of Title VII claims in the Amended Complaint naming the employer "and its managerial staff" constitutes unreasonable, vexatious and bad faith action warranting the

7

imposition of fees and costs awarding fees under the Court's inherent power and 28 U.S.C. § 1927.  The Court does not agree.

The referenced allegations in the Amended Complaint are in paragraphs alleging claims under Title VII and the NYSHRL.  An individual can be held liable under the NYSHRL, thus, it was not improper to include the reference to the managerial staff's conduct in the Amended Complaint.  Moreover, by failing to specifically name the individual defendants in these paragraphs, it appears that Plaintiffs were merely attempting to amplify their Title VII allegations against the employer.   Accordingly, to the extent Defendants seek costs and fees, the motion is denied.  To the extent the Amended Complaint alleges Title VII claims against the individual defendants, the claims are dismissed.

### d.     Bethea's Title VII Claims

Defendants argue that Bethea's Title VII claims are barred because he did not commence the action within 90 days of receiving a right-to-sue letter from the EEOC.  Plaintiffs do not dispute that Berthea commence his action on May 6, 2011, more than 90 days from the date that the EEOC right-to-sue letter was mailed to him, but assert in their Memorandum of Law that Bethea had three different addresses since the right-to-sue letter was mailed  and that he did not receive the EEOC's letter.  However, the unsworn statements contained in the Memorandum of Law are insufficient to rebut the presumption that Plaintiff received the right-to-sue three days after it was mailed. Blackburn v. Eli Lilly and Co., Inc., 1999 WL 1125048, at *2 (N.D.N.Y.  Dec. 1, 1999);  Hughes v. Elmira Coll., 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008).

Because Bethea has failed to provide admissible evidence overcoming the

presumption that he received the right-to-sue letter within three days of its mailing on April 5, 2010, and because Bethea's action was not commenced within 90 days of the presumptive receipt of the right-to-sue letter, his Title VII claims must be dismissed. 42 U.S.C. § 2000e-5(f)(1); Holt v. KMI-Continental, Inc., 95 F.3d 123, 127 n. 1 (2d Cir.1996), cert. denied, 117 S. Ct. 1819 (1997).

### f.     Discrimination on the Basis of Religion, Sex or National Origin

Plaintiffs' Amended Complaint states that "[t]his action is brought pursuant to Title VII. .. for employment discrimination based on race, color, religion, sex or national origin." Dkt. #. 30, ¶ 11.  Defendants move to dismiss any discrimination claims brought on the basis of religion, sex or national origin on the grounds that there are no factual allegations supporting claims on these protected classifications.  Plaintiffs responds that paragraph 11 was only to give a "general description of the breadth of Title VII" but that the Amended Complaint does not asserts claims based on religion, sex, or national origin.   Accordingly, any such claims are deemed withdrawn and dismissed.

## IV.    CONCLUSION

For the reasons discussed above, Defendants' motion to dismiss claims in this action [dkt. # 35]  is **GRANTED IN PART and DENIED IN PART**.   The motion is granted inasmuch as the following claims are **DISMISSED**:

-All claims of discrimination or retaliation brought pursuant to the NYSHRL,

-All claims asserting the intentional infliction of emotional distress,

-All Title VII claims against the individual defendants,

- Plaintiff's Bethea's Title VII claims, and

- All claims asserting discrimination or retaliation on the basis of religion, sex, or national origin.

The motion is denied in all other respects .

**IT IS SO ORDERED**

DATED:July 11, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge