UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JARROD McCAIN, and JEFFREY BETHEA,

                              Plaintiffs,

v.                                      3:10-CV-766

DIMON & BACORN, a New York Corporation,
MICHAEL SHAFER, LEONARD HAINES,
DANIEL DIMON, SR.

                              Defendants.

_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I.    INTRODUCTION

Plaintiffs move for reconsideration of that much of the Court's July 11, 2011 Decision and Order that dismissed Plaintiff Bethea's Title VII claims. See Recon. Mot., dkt. # 45. Defendants have opposed the motion. See Opp., dkt. # 48. For the reasons that follow, the motion is denied.

### II.    STANDARD OF REVIEW

A motion for reconsideration is generally governed by Fed. R. Civ. P. 59(e) and/or 60(b) and Local Rule 7.1(g). Reconsideration of a court's prior ruling is an "extreme remedy only to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Stewart Park and Reserve Coalition, Inc. v. Slater, 374 F.

1

Supp.2d 243, 253 (N.D.N.Y. 2005). The standard for granting a motion for reconsideration is "strict" as such a motion "is not a vehicle for reargument or asserting arguments that could and should have been made before judgment issued." Id.; Demeo v. Kean, 2011 WL 743849, at *1 (N.D.N.Y. Feb. 23, 2011). Thus, a motion for reconsideration will "not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).

There are only three grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) availability of new evidence not previously available or (3) to correct a clear error of law or prevent manifest injustice. Flemming v. Goord, 2011 WL 1541366, at *1 (N.D.N.Y. Apr. 21, 2011).  Put simply, to succeed on a motion for reconsideration, the moving party must point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

### III.    BACKGROUND

On June 10, 2011, Defendants moved pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, seeking dismissal of all of Plaintiffs' federal and state law claims except Plaintiff McCain's Title VII claims. Dkt. # 35.  One of the arguments raised in the motion was that Plaintiff Bethea's Title VII claims were barred because he did not commence his action within 90 days of the presumptive receipt of the EEOC's right to sue letter. See Def. MOL in Supp. of Dismissal, pp. 16-17.  Defendants noted that Bethea had averred merely that he did not receive the right to sue letter "but offer[ed] no explanation as to circumstances that prevented him from receiving this letter."  Id. p. 17.

On June 24, 2011, Plaintiffs, through counsel, filed a response to Defendants'

motion to dismiss. Dkt. # 37.  "Plaintiffs [did] not dispute that Berthea commenced his action on May 6, 2011, more than 90 days from the date that the EEOC right-to-sue letter was mailed to him, but assert[ed] in their Memorandum of Law that Bethea had three different addresses since the right-to-sue letter was mailed and that he did not receive the EEOC's letter." 7/11/11 Dec. & Ord. p. 8.  Defendants filed a reply on June 30, 2011, dkt. # 39, arguing, *inter alia*, that Bethea's failure to submit a sworn statement supporting his contention that he did not receive the EEOC right to sue letter and that he had three different addresses was fatal to his attempt to overcome the presumption that he had received the letter three days from its mailing. See id. pp. 7-8 (citing, *inter alia*, Blackburn v. Eli Lilly and Co., Inc., 1999 WL 1125048, at *2 (N.D.N.Y. Dec. 1, 1999); Hughes v. Elmira Coll., 584 F. Supp. 2d 588, 590 (W.D.N.Y. 2008)).

The motion was returnable on the Court's July 11, 2011 motion calendar.  On July 6, 2011, the Court advised the parties' attorneys that the motion would be decided on basis of the submissions alone, without the need for oral argument. See 7/6/11 Text Notice; see NDNY, LR 7.1(h).[1]  On Friday July 8, 2011 at 5:13 PM, without permission from the Court and in violation of the Local Rules, Bethea filed a document titled

---

[1]Local Rule 7.1(h) provides:

> **(h) Oral Argument**. The parties shall appear for oral argument on all motions that they make returnable before a district court judge, except motions for reconsideration, on the scheduled return date of the motion. In the district court judge's discretion, or on consideration of a request of any party, the district court  judge may dispose of a motion without oral argument. <u>Thus, the parties should be prepared to have their motion papers serve as the sole method of argument on the motion.</u>

(emphasis added).

3

"Affidavit." See Afidavit, dkt. # 41; see also NDNY LR 7.1(b)(3).[2] The affidavit, which was not notarized, was purportedly by Bethea and averred merely that he had not received the EEOC's right to sue letter and that he had lived at "three different addresses since the [EEOC's] letter was allegedly sent." Dkt. # 41. On July 11, 2011, Defendant filed a letter motion asking the Court to strike the July 8, 2011 affidavit. See dkt. # 42. On the same date, the Court issued its Decision and Order dismissing certain claims, including Bethea's Title VII claims. See 7/11/11 Dec. & Ord., pp. 7-8, dkt. # 43.

On the instant motion, Plaintiffs assert that the reason for filing the July 8, 2011 affidavit was because it was not until the reply memorandum of law that Plaintiffs learned that an unsworn statement was insufficient to overcome the presumption that an EEOC letter was received three days after it was mailed, see Recon. MOL, p. 2 ("On June 30, 2011 Defendant filed a Reply Memorandum. It was only in that Memorandum that counsel for Defendant cited to authority from this Honorable Court stating that averments by counsel were insufficient to rebut presumption of receipt of an EEOC Right to Sue Letter."), and because Plaintiffs had only recently learned that there would be no oral argument on the motion's return date.

## IV.  DISCUSSION

The Local Rules are intended, in part, to bring order to the process of deciding the hundreds of motions brought before the District Court each year. These Rules state specifically that motions may be decided on the basis of the submissions alone, and that "parties should be prepared to have their motion papers serve as the sole method of

---

[2]("The Court shall not consider any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown.")

argument on the motion." NDNY LR 7.1(h).  Further, these Rules set forth a specific time-line by which parties must file their papers addressing a motion, id. at 7.1(b)(1), and provide that "[t]he Court shall not consider any papers . . . that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown." Id. at 7.1(b)(3); see also id. at 7.1(b)(1)("A surreply is not permitted.").  As any admitted attorney should know, once the time-line of submissions has been exhausted, the record is effectively closed and the Court may decide the motion at any time thereafter.  In deciding a motion, the Court is not required to repeatedly check the docket to see if some last minute, unauthorized filing has been made.  Rather, if there is a real necessity for a last minute submission, the burden is upon the proponent of the document to follow the proper procedures, laid out in the Local Rules, to address the Court with a request for same.

Here, no request was made by Plaintiffs to file a surreply or to file supplemental papers outside the time-line set by the Local Rules. Moreover, Plaintiffs' counsel's unfamiliarity with the controlling law or with this District's Local Rules are not valid justifications for the failure to supply the affidavit sooner, and they certainly are not bases for reconsideration of the dismissal motion.  Plaintiffs have failed to establish that there is a need for reconsideration because of (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or, (3) to correct a clear error of law or prevent manifest injustice.

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs' motion for reconsideration [dkt. # 45] is **DENIED**.

**IT IS SO ORDERED**

**Dated:** August 24, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge